UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MARTHA A. NIELSEN,

                                                1:15-cv-623
                 Plaintiff,         (GLS/CFH)

                 v.

PIONEER BANK,

                 Defendant.
_____

## SUMMARY ORDER

Pending is Pioneer Bank's motion for summary judgment, (Dkt. No. 38), which is granted for the reasons explained below.[1]

The standard of review pursuant to Fed. R. Civ. P. 56 is well established and will not be repeated here. *See Wagner v. Swarts*, 827 F. Supp. 2d 85, 92 (N.D.N.Y. 2011), *aff'd sub nom. Wagner v. Sprague*, 489 F. App'x 500 (2d Cir. 2012). Nielsen's ADEA and Title VII claims, for age discrimination and gender discrimination, respectively, are subject to the *McDonnell Douglas* burden-shifting framework. *See Chapotkat v. County*

---

[1] The parties' familiarity with the court's Memorandum-Decision and Order, which granted in part and denied in part Pioneer's motion to dismiss, (Dkt. No. 22), including the factual allegations of the complaint, is assumed. Thus, the court sets forth facts only as relevant to this Summary Order.

*of Rockland*, 605 F. App'x 24, 26 (2d Cir. 2015) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)); *Terry v. Ashcroft*, 336 F.3d 128, 137-38 (2d Cir. 2003).

Even assuming that Nielsen was constructively discharged and has met her initial burden of establishing a prima facie case of discrimination,[2] Pioneer has proffered legitimate, nondiscriminatory reasons for her discharge. *See Chapotkat*, 605 F. App'x at 26; *Colandrea v. Hunter-Tannersville Cent. Sch. Dist.*, 1:15-CV-0456, 2017 WL 1082439, at *7 (N.D.N.Y. Mar. 22, 2017) ("A defendant's burden of providing a legitimate, nondiscriminatory reason for the adverse employment action is not a particularly steep hurdle.") (internal quotation marks and citation omitted).

Jesse Tomczak, Nielsen's supervisor, asked her many times to monitor her financial advisors' calls and actions so that she would know their performance metrics, but she considered this request as asking her to engage in micromanaging and spying on people. (Def.'s Statement of

---

[2] For the reasons argued by Pioneer, (Dkt. No. 38, Attach. 14 at 20-24; Dkt. No. 49, Attach. 1 at 9-10), the court is doubtful that Nielsen was constructively discharged. Of particular note is that Nielsen testified at her deposition that she needed to achieve a million dollars in sales to keep her job. (Dkt. No. 41, Attach. 1 at 108-09.) Pioneer hit that mark in 2015. (*Id.*, Attach. 5 at 6; Dkt. No. 38, Attach. 12 ¶ 12). But even assuming that she was constructively discharged, her evidence of discrimination is so utterly lacking that her claims cannot survive summary judgment, as explained below. Thus, the court need not and does not reach the issue of constructive discharge.

Material Facts (SMF) ¶ 27, Dkt. No. 38, Attach. 13); *see Concepcion v. Nice Park Prods., Inc.*, No. 03 Civ. 1894, 2004 WL 1810552, at *6 (S.D.N.Y. Aug. 13, 2004) (holding insubordination a legitimate, nondiscriminatory reason for employment decision). Tomczak and Tom Amell, President and CEO of Pioneer, were also concerned with the underperformance of Glen Allen, one of Nielsen's subordinate financial advisors; he made only 56% and 58% toward his sales goals in 2012 and 2013, respectively. (Def.'s SMF ¶¶ 30-32.) Moreover, Nielsen concurred with the findings that her other subordinate financial advisor, David Santos, forged a customer's signature on several wire transfer transactions. (*Id.* ¶¶ 11, 57.) Thus, even assuming that Pioneer constructively discharged Nielsen, they had a legitimate, nondiscriminatory reason for doing so. *See Emanuel v. Oliver, Wyman & Co., LLC*, 85 F. Supp. 2d 321, 328 (S.D.N.Y. 2000) (holding failure to fulfill employment responsibilities is legitimate, nondiscriminatory reason).[3]

Given the existence of a legitimate, nondiscriminatory reason for her

---

[3] It bears mentioning that "[f]ederal courts do not have a roving commission to review business judgments . . . and may not sit as super personnel departments assessing the merits—or even the rationality—of employers' nondiscriminatory business decisions." *Dorcely v. Wyandanch Union Free Sch. Dist.*, 665 F. Supp. 2d 178, 193 (E.D.N.Y. 2009) (internal quotation marks and citations omitted).

presumed constructive discharge, the burden shifts back to Nielsen to show that Pioneer's explanation is pretext for discrimination.  *See Chapotkat*, 605 F. App'x at 26.

Nielsen does not offer evidence of a single gender-related comment or incident by anyone.  *See Baur v. Rosenberg, Minc, Falkoff & Wolff*, No. 07 Civ. 8835, 2008 WL 5110976, at *5 (S.D.N.Y. Dec. 2, 2008) (granting summary judgment where plaintiff offered no discriminatory comments or instances of discriminatory animus).

In her statement of additional material facts in dispute, she states that "Tomczak and Eli Rabinowitz are both male, younger, and less qualified than . . . Nielsen[,] and they [were] both treated more favorably by Pioneer Bank than . . . Nielsen." (Pl.'s SMF ¶ 81, Dkt. No. 44.)  However, Nielsen does not even attempt to explain how either Tomczak or Rabinowitz were similarly situated to her.  *See Mandell v. County of Suffolk*, 316 F.3d 368, 379 (2d Cir. 2003) ("A plaintiff relying on disparate treatment evidence must show she was similarly situated in all material respects to the individuals with whom she seeks to compare herself.") (internal quotation marks and citation omitted); *Rose v. Goldman, Sachs & Co.*, 163 F. Supp. 2d 238, 242 (S.D.N.Y. 2001).  Indeed, Nielsen admitted

4

that Tomczak did not have her job or title and Rabinowitz was a banker, not a broker like herself. (Def.'s SMF ¶¶ 120-21.) And, in any event, she fails to offer any specifics as to how Tomczak or Rabinowitz were treated more favorably than her. *See Diello v. Potter*, 413 F. App'x 344, 346 (2d Cir. 2011) ("[A] motion for summary judgment may not be defeated 'by offering purely conclusory allegations of discrimination, absent any concrete particulars.'") (quoting *Meiri v. Dacon*, 759 F.2d 989, 998 (2d Cir. 1985)).

Thus, even assuming that Nielsen can make out a prima facie case of gender discrimination—a bad assumption given her utter lack of evidence—she cannot meet her burden of showing pretext.

Nor can Nielsen meet her burden for her ADEA claim. That is, she cannot demonstrate that a reasonable jury could conclude by a preponderance of the evidence that Pioneer's explanations are pretextual and that, but for her age, she would not have been constructively discharged. *See Chapotkat*, 605 F. App'x at 26.[4] She asserts, as evidence of age discrimination, that Amell and Tomczak each asked her

---

[4] It should be noted that the ADEA's "but-for" standard is stricter than the Title VII standard. *See McAllister v. Quik Park*, 661 F. App'x 61, 63 (2d Cir. 2016); *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 106 (2d Cir. 2010).

5

how long she planned on staying at Pioneer. (Pl.'s SMF ¶¶ 21, 39.) But simply inquiring about an employee's plans, including retirement, is not discriminatory. *See Crowe v. Leroy Cent. Sch. Dist.*, 949 F. Supp. 2d 435, 446 (W.D.N.Y. 2013) ("[A] company has a legitimate interest in learning its employees' plans for the future, and it would be absurd to deter such inquiries by treating them as evidence of unlawful conduct.") (internal quotation marks and citation omitted); *Beers v. NYNEX Material Enters.*, No. 88 Civ. 0305, 1992 WL 8299, at *10 (S.D.N.Y. Jan. 13, 1992) ("[Q]uestions about how long plaintiff planned to work seem to exhibit no more than an employer's valid interest in an employee's career plans.")[5]

Nielsen also states that she was told by Frank Sarratori, an Executive Vice President, "Don't worry there will be something for you here because you have been around forever." (Pl.'s SMF ¶¶ 26, 30.) This comment is not discriminatory because it is age-neutral. *See Slattery v. Swiss Reinsurance Am. Corp.*, 248 F.3d 87, 92 (2d Cir. 2001) (ignoring age-neutral statements); *Veleanu v. Beth Israel Med. Ctr.*, No. 98 CIV. 7455, 2000 WL 1400965, at *5 (S.D.N.Y. Sept. 25, 2000) (holding

---

[5] Indeed, Nielsen admitted at her deposition that Amell and Tomczak could have asked such questions "for future planning reasons." (Def.'s SMF ¶¶ 104, 110.)

comments directed to length of tenure were age-neutral and not supportive

of discrimination).⁶  Likewise, Tomczak's alleged comment to Nielsen,

"[Y]ou're useless, and I'm just going to demote you and run the whole thing

myself," (Pl.'s SMF ¶ 63), is, despite being disrespectful, age-neutral.  *See*

*Owens v. Napolitano*, No. 05 CV 5987, 2011 WL 1327118, at *7 (E.D.N.Y.

Mar. 31, 2011) ("The comments are clearly disrespectful; but that they are

'disrespectful' does not give rise to an inference of discrimination."); *Baur v.*

*Rosenberg, Minc, Falkoff & Wolff*, 2008 WL 5110976, at *5 (holding

whether or not employer treated plaintiff with respect is not evidence of age

discrimination).

Nielsen also states that Sarratori told her, "Some people feel you will

have a problem fitting in to the new culture, but I told them you would fit in

because you dress young and stylish."  (Pl.'s SMF ¶ 26.)⁷  This comment is

nondiscriminatory.  *See Dorfman v. Doar Commc'ns, Inc.*, No. 03CV573,

2005 WL 1861813, at *4 (E.D.N.Y. Aug. 2, 2005), *aff'd*, 314 F. App'x 389

---

⁶ Amell's alleged comment to Nielsen about a "soft landing to her retirement" is also age-neutral.  (Pl.'s SMF ¶ 70.)  In any event, even if this mere reference to retirement is relevant to constructive discharge, it lacks any probative value as to discrimination.

⁷ Nielsen argues that Amell implemented a culture with the stated goal of transforming Pioneer to "'World-Class,' an elusive and undefined term," (Dkt. No. 45 at 6), as if to imply that term is somehow discriminatory.  The court refuses to engage in rank speculation that "World-Class" is sexist or ageist, especially because Nielsen offers no reason to do so.

(2d Cir. 2009) (holding remark that plaintiff did not "fit the culture" did not raise inference of discrimination); *Douglas v. Dist. Council 37 Mun. Emps.' Educ. Fund Tr.*, 207 F. Supp. 2d 282, 286, 291 (S.D.N.Y. 2002) (holding ambiguous and abstract remarks, including "[t]hat is what happens when you get old, you lose your hair," did not raise inference of age discrimination) (internal citation omitted).

Additionally, Nielsen contends that Amell took away her role and responsibilities as Insurance Officer and transferred the responsibilities to a younger, unqualified female. (Pl.'s SMF ¶ 24.) But Nielsen made no mention of this in her complaint. (*See* Compl., Dkt. No. 1.)[8] In any event, she provides no indication in any of her papers—let alone admissible evidence—of that younger female's age. "Generalized allegations of replacement by younger workers do not, without more, prove discrimination . . . especially when . . . the plaintiff offers no evidence of how much younger the replacements were." *Gmyrek v. Metro. Life Ins. Co.*, No. 04 CV 3801, 2007 WL 2403205, at *4 (E.D.N.Y. Aug. 20, 2007) (internal

---

[8] This alone provides a basis to ignore the contention because at summary judgment, a court may decline to consider facts raised for the first time in opposition papers. *See Russell v. N.Y. Univ.*, No. 1:15-cv-2185, 2017 WL 3049534, at *37 (S.D.N.Y. July 17, 2017), *aff'd*, 17-2527-cv, 2018 WL 3115795 (2d Cir. June 25, 2018) (collecting cases).

quotation marks and citation omitted).

Nielsen does adduce one discriminatory comment by Tomczak: he told her that "there was a vision of young, hip broker-ie type [advisors] - not staid old advisors." (Dkt. No. 41, Attach. 1 at 88.)[9] This isolated comment is not nearly enough to show that age was the but-for cause of Nielsen's presumed constructive discharge. *See Ashton v. Pall Corp.*, 32 F. Supp. 2d 82, 90 (E.D.N.Y. 1999) ("[I]solated comments cannot in and of themselves make out a case of employment discrimination); *O'Connor v. Viacom Inc./Viacom Int'l Inc.*, No. 93 CIV. 2399, 1996 WL 194299, at *5 (S.D.N.Y. Apr. 23, 1996), *aff'd*, 104 F.3d 356 (2d Cir. 1996) ("[T]hree isolated remarks . . . are insufficient to establish pretext.") (footnote omitted).[10]

---

[9] In her statement of additional material facts in dispute, Nielsen states that Tomczak told her "that there was a vision of 'young, hip advisors, not staid old advisors' and that Tom Amell was looking for 'a younger team.'" (Pl.'s SMF ¶ 41.) However, this misquotes the deposition testimony that she cites as support. The court thus quotes Nielsen's deposition transcript.

[10] Contrary to her contention in her response to Pioneer's statement of material facts, (Dkt. No. 43 ¶ 115), at her deposition, Nielsen admitted that she could have made a complaint to human resources, (Dkt. No. 41, Attach. 1 at 146-47); *see Osborne v. Literacy Partners, Inc.*, No. 04 Civ. 6652, 2007 WL 2298354, at *6 (S.D.N.Y. Aug. 9, 2007) (granting summary judgment and noting fact that plaintiff never filed an internal complaint "signifies that she did not believe discrimination was a substantial problem while she worked there"); *Dobrynio v. Cent. Hudson Gas & Elec. Corp.*, 419 F. Supp. 2d 557, 565 (S.D.N.Y. 2006). She did testify that, on her last day, she told a senior Human Resources person that "[she] had a glowing review in January and now [she's] out the door. Isn't that an HR nightmare?" (Dkt. No. 41, Attach. 1 at 147 (internal quotation marks omitted).) Notably, this comment does not include

The court is mindful that an extra measure of caution is merited when granting summary judgment in a discrimination action because direct evidence of discriminatory intent is rare, and such intent often must be inferred from circumstantial evidence found in affidavits and depositions. *See Holtz v. Rockefeller & Co.*, 258 F.3d 62, 69 (2d Cir. 2001). However, "summary judgment remains available for the dismissal of discrimination claims in cases lacking genuine issues of material fact." *Id.* (internal quotation marks and citation omitted). So here. Absent one isolated remark, Nielsen's age discrimination claim is a faulty syllogism: something bad happened to her at work; she is in a protected class; therefore it must have happened because she is in that protected class. *See House v. Wackenhut Servs., Inc.*, No. 10 Civ. 9476, 2012 WL 4017334, at *1 (S.D.N.Y. Aug. 20, 2012). Nielsen has not presented enough evidence to permit a reasonable jury to find that age was the but-for reason for her presumed constructive discharge. *See Slattery v. Swiss Reinsurance Am. Corp.*, 248 F.3d 87, 94 (2d Cir. 2001).

Accordingly, it is hereby

**ORDERED** that Pioneer's motion for summary judgment (Dkt. No.

---

even an allusion to age. All of this undercuts what is already a fatally weak claim.

38) is **GRANTED**; and it is further

    **ORDERED** that Nielsen's complaint (Dkt. No. 1) is **DISMISSED**; and it is further

    **ORDERED** that the Clerk close this case; and it is further

    **ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

September 28, 2018  
Albany, New York

*Gary L. Sharpe*  
Gary L. Sharpe  
U.S. District Judge